**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

_____

|  |  |  |
|---|---|---|
| PATRICK DIOGENIA | § | |
| Plaintiff | § | |
| vs. | § | |
| | § | |
| COMCAST CABLE COMMUNICATIONS | § | |
| MANAGEMENT, LLC | § | |
| | § | |
| and | § | |
| | § | |
| COMCAST CABLE | § | |
| COMMUNICATIONS, LLC | § | Civil Action No. _____ |
| | § | |
| and | § | |
| | § | |
| COMCAST CORPORATION | § | |
| | § | |
| and | § | Jury Trial Demanded |
| | § | |
| COMCAST HOLDINGS CORPORATION | § | |
| | § | |
| and | § | |
| | § | |
| ANDREW ANTONIOLI | § | |
| Defendants. | § | |

_____

**COMPLAINT**

Plaintiff, Patrick Diogenia, is an adult male individual who alleges by and through his attorneys, The Derek Smith Law Group, PLLC, that he was harassed and subject to a hostile work environment over his sexually orientation and/or gender identity, by Defendants, Comcast Cable Communications Management, LLC,

Comcast Cable Communications, LLC, Comcast Corporation, Comcast Holdings Corporation, and/or by direct supervisor, Defendant, Andrew James Antonioli.

Plaintiff alleges and avers in support thereof:

**<u>Parties</u>**

1.      Plaintiff, Patrick Diogenia, is an adult male individual who at times relevant has resided at 45 Boothby Drive, Mount Laurel, NJ 08054 and was an employee and Senior Manager for Comcast and supervised by Andrew Antonioli.

2.      Defendant, Comcast Cable Communications Management, LLC, is a foreign Limited Liability Company duly existing under the laws of the Commonwealth of Pennsylvania, with a registered office at 1701 John F. Kennedy Boulevard, Floor 32, Philadelphia, PA 19103-2855 and was at all times relevant the employer of Plaintiff and Andrew Antonioli.   Defendant, Comcast Cable Communications Management, LLC, is listed with the Commonwealth of Pennsylvania, Department of State, as having a registered agent to receive legal process at Corporation Services Company in Dauphin County, Pennsylvania.

3.      Defendant, Comcast Cable Communications, LLC, is a foreign Limited Liability Company duly existing under the laws of the Commonwealth of Pennsylvania, with a registered office at 1701 John F. Kennedy Boulevard, Floor 32, Philadelphia, PA 19103-2855 and was at all times relevant the employer of Plaintiff and Andrew Antonioli.  Defendant, Comcast Cable Communications, LLC, is listed

2

with the Commonwealth of Pennsylvania, Department of State, as the governor of Comcast Cable Communications Management, LLC, and has a registered agent to receive service of process at Corporation Services Company in Dauphin County, Pennsylvania.

4. Defendant, Comcast Corporation, is a domestic business corporation duly existing under the laws of the Commonwealth of Pennsylvania, with a registered office at 1701 John F. Kennedy Boulevard, Floor 32, Philadelphia, PA 19103-2855 and was at all times relevant the employer of Plaintiff and Andrew Antonioli. Defendant, Comcast Corporation, is listed with the Commonwealth of Pennsylvania, Department of State, as having a registered agent to receive legal process at Corporation Services Company in Dauphin County, Pennsylvania.

5. Defendant, Comcast Holdings Corporation, is a domestic business corporation duly existing under the laws of the Commonwealth of Pennsylvania, with a registered office at 1701 John F. Kennedy Boulevard, Floor 32, Philadelphia, PA 19103-2855 and was at all times relevant the employer of Plaintiff and Andrew Antonioli. Defendant, Comcast Holdings Corporation is listed with the Commonwealth of Pennsylvania, Department of State, as having a registered agent to receive legal process at Corporation Services Company in Dauphin County, Pennsylvania.

3

6. Defendant, Andrew James "AJ" Antonioli, is an adult male individual who at all times relevant was an employee of Defendants, as alleged, and a Senior Director of Marketing Technology, who/whom/that had the authority to make material decisions over Plaintiff's employment, including whether to fire, discipline, suspend, and/or terminate. Defendant Antonioli is believed to reside in the Commonwealth of Pennsylvania.

7. Defendants, Comcast Cable Communications Management, LLC, Comcast Cable Communications, LLC, Comcast Corporation, Comcast Holdings Corporation, and Andrew Antonioli (hereinafter referred to individually and/or jointly as "Defendants") agreed, accepted, acquiesced, adopted, and/or were otherwise bound by the actions, omissions, and conduct of its/their owners, officers, directors, managers, supervisors, employees, and agents, including Defendant Antonioli and Director and Human Resources Leader, Deb Gainer.

### Jurisdiction and Venue

8. This Court maintains subject matter jurisdiction under Federal Question Jurisdiction, 28 U.S.C.A. §1331, for Plaintiff's federal discrimination allegations and Supplemental Jurisdiction, 28 U.S.C.A. §1367, for Plaintiff's state law claims.

9. Venue is appropriate as Defendants reside and all actions and omissions occurred in the Eastern District of Pennsylvania (i.e. Philadelphia County).

10. Plaintiff administratively exhausted his claims for harassment and hostile work environment by having filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), which was dual filed with the state administrative agency, ultimately the Pennsylvania Human Relations Commission ("PHRC"), and Plaintiff has received a Notice of Right to Sue from the EEOC and sufficient time has passed for the investigation of the PHRC.

11. Furthermore, and despite Plaintiff having entered an agreement to Arbitrate claims arising from his employment with Defendants, and having a current Arbitration matter pending before JAMS, Plaintiff's claims and causes of action related to sexual harassment are properly before this Court as those claims and causes of action are within the Ending Forced Arbitration of Sexual Assault and Sexual Harassment Act of 2021 ("EFAA"), 9 U.S.C. 402(a), as these matters qualify as a "sexual harassment dispute," and thus are exempt from Arbitration agreements. *See* 9 U.S.C. 401(4) *see also*, Weiber v. Raising Cane's Rests., LLC, 2026 U.S. Dist. LEXIS 62902, 2026 WL 815814 (W.D. Pa., March 25, 2026).

## Summary of Facts

12.     Plaintiff, Patrick Diogenia, was a Senior Manager for Defendants from around September 12, 2022 through July 3, 2025, with an initial base salary of $130,000 and a compensation package that provided him various amenities of employment including insurance coverage, paid time off, retirement planning, stock purchase options, bonuses, and other similar amenities.

13.     Plaintiff was a good worker for Defendants with little if any disciplinary history and positive performance reviews, and thus was a qualified employee.

14.     Plaintiff was originally recruited to work for Defendants by a high-ranking employee who/that is LGBTQ, and Plaintiff informed Defendants employees during interviewing for hire that he is gay or homosexual.

15.     Although the form letter Plaintiff received offering him employment with Defendants, on or around August 19, 2022, is electronically signed by Defendant Antonioli, Plaintiff disputes that Defendant Antonioli had any significant part in the decision to hire him.

16.     To the contrary, Defendant Antonioli was not supportive of Plaintiff's hire and/or Defendant Antonioli opposed the decision to hire Plaintiff.

17.     During Plaintiff's onboarding (September 2022), Defendant Antonioli's animus towards Plaintiff's employment became obvious with Defendant Antonioli refusing to answer Plaintiff's simple and genuine questions, asking

Plaintiff if he needs someone to "hold his hand", telling Plaintiff to "figure it out" and that "nobody helped him" [Defendant Antonioli], and then Defendant Antonioli confronted Plaintiff over questions Plaintiff was asking as "trying to make Defendant Antonioli look bad."

18.    Defendant Antonioli placed restrictions on Plaintiff and scrutinized his employment and work performance, for which Defendant Antonioli did not do the same to similarly situated persons outside Plaintiff's protected class.

19.    For example, and not inclusive of all examples, in September of 2022, Defendant Antonioli limited Plaintiff to one question per department wide meeting. The same limitation was not placed on other employees outside the Plaintiff's protected class.

20.    As a further example, Plaintiff was required to submit a weekly task agenda, a requirement not required of any other team member.

21.    In around October of 2022, after a meeting with a cliente, Defendant Antonioli confronted Plaintiff about Plaintiff's use of the phrase "I advise." Defendant Antonioli suggested Plaintiff had not earned the right to "advise."

22.    Defendant Antonioli further confronted Plaintiff about Plaintiff's general communication style and suggested that Plaintiff adopt a more passive or submissive communication style.

7

23. Defendant Antonioli further targeted and disparately treated Plaintiff with quick, abrupt, and embarrassing interruptions when Plaintiff attempted to speak.

24. Defendant Antonioli intentionally ignored Plaintiff in front of peers.

25. In February of 2023 during a lunch, Defendant Antonioli said to Plaintiff that he would be perplexed and disturbed if one of his children was/were gay. Defendant Antonioli mused that he would persuade his child to reconsider. Defendant Antonioli commented sexual orientation other than heterosexual is abnormal. The conversation was unwelcome and highly offensive to Plaintiff.

26. Plaintiff responded that sexual orientation is not a choice, and cannot be changed through intervention. Defendant Antonioli recognized Plaintiff's comments and advised that he had been through implicit bias training and apparently Defendant Antonioli had "problems" in the past. Defendant Antonioli was even previously recommended to read the same book Plaintiff suggested, "White Fragility."

27. The foregoing interactions were exemplary of the discourse between Plaintiff and Defendant Antonioli and support that the facially neutral harassments and microaggressions from Defendant Antonioli toward Plainitff were motivated by bias and discrimination.

28. Defendant Antonioli implied to Plaintiff several times that he knew EEO policies, he had prior EEO situations, and/but there was no changing his management style, comments, and conduct.

29. As an example, Defendant Antonioli, framed the separation of Plaintiff's high-ranking LGBTQ acquaintance that recruited Plaintiff to work for Defendant, as having "bailed out" or "bailing out" or other negative connotation.

30. By way of further example, and not inclusive of all, Defendant Antonioli rhetorically asked Plaintiff after a particularly awkward interaction Defendant Antonioli had with a female subordinate, which Plaintiff witnessed, if Defendant Antonioli had been "mansplaining."

31. Plaintiff received a positive end-of-year evaluation for 2022, but when Plaintiff inquired about opportunities for advancement, Defendant Antonioli suggested that Plaintiff quit, resign, and/or leave the company.

32. Defendant Antonioli followed up the suggestion of Plaintiff quitting with telling Plaintiff he "chose the wrong job" and was overqualified.

33. In April or May of 2023, Defendant Antonioli told Plaintiff his clothing was "too fancy", to "tone down" his clothing, and/or dress less elegantly.

34. Defendant Antonioli asked Plaintiff to be more "normal."

35. Plaintiff opposed the comments, but Defendant Antonioli quickly and abruptly cut Plaintiff off, said the matter was not "open for discussion", that this

would be noted in the next performance review, and Defendant Antonioli thereafter made further un-specified comments about "protecting the company."

36. These comments had the intent or effect of creating a hostile work environment.

37. In April or May 2023, a Vice President assigned Plaintiff "strategic oversight" for a high-profile project, but Defendant Antonioli intervened and downgraded Plaintiff to "proposals and contracts."

38. The foregoing severely and negatively affected Plaintiff, causing him to have panic attacks, sleep disturbances, anxiety, depression, and similar symptoms.

39. Plaintiff sought medical assistance in early May of 2023.

40. After seeking medical assistance, Plaintiff complained to a Human Resources employee, Deb Gainer, about the foregoing harassment and mistreatment from Defendant Antonioli.

41. Deb Gainer told Plaintiff that he needs to work things out with Defendant Antonioli, and "just take" Defendant Antonioli's scrutiny.

42. Deb Gainer further informed Plaintiff that Defendant Antonioli had already spoken with her about Plaintiff, and Defendant Antonioli was telling Human Resources and superiors that Plaintiff was insubordinate.

10

43. When Plaintiff responded to Deb Gainer that the supervisory relationship with Defendant Antonioli was causing Plaintiff "significant pain and distress", Ms. Gainer asked if Plaintiff was doing the same to Defendant Antonioli.

44. There was no investigation, or attempts to rectify the situation.

45. Plaintiff continued to report to Defendant Antonioli.

46. Due to the Defendants' failure to respond and rectify Plaintiff's good faith complaints of harassment and mistreatment, and due to a medically supported worsening of Plaintiff's mental health; Plaintiff began a leave of absence on or around May 10, 2023.

47. During the leave of absence, Plaintiff continued to complain about the harassment and requested to be moved or transferred to avoid Defendant Antonioli.

48. In November of 2023, Plaintiff submitted a written complaint about Defendant Antonioli, which Defendants claim to have investigated, but Defendants determined the allegations unsubstantiated.

49. On or around June 10, 2024, Defendants proposed that Plaintiff return to work with an intermediary supervisor between Plaintiff and Defendant Antonioli; however, Defendant Antonioli would remain in Plaintiff's chain-of-command and Plaintiff and Defendant Antonioli would continue to interact for work.

50. Plaintiff's attempts to transfer or move out from under Defendant Antonioli failed and/or were not considered by Defendants.

11

51.    The Defendants' suggested reporting structure would not reasonably remedy the ongoing harassment and hostile work environment and Plaintiff's medical providers even were not supportive of the suggestion.

52.    On July 3, 2024, Defendants terminated Plaintiff.

53.    Plaintiff has severe mental health issues and problems as a result of the harassment and hostile work environment endured during his employment with Defendants.

**COUNT ONE**
**Harassment and Hostile Work Environment**
*1964 Civil Rights Act, 42 U.S.C.A. §2000e-2 et. seq.*
**Plaintiff v. Defendants Comcast**

54.    Plaintiff incorporates the foregoing as if set forth at length herein.

55.    Defendants is/are a covered employer under the 1964 Civil Rights Act as it/they employ the minimum number of employees and is/are involved in interstate commerce.

56.    Plaintiff has protected classes in his sexual orientation and gender identity.

57.    Defendants harassed and created a hostile environment by and through comments and conduct that was/were unwelcome and motivated by the underlying protected classes and had the intent or effect of creating an unreasonably hostile work environment.

58.     Plaintiff complained to Human Resources, which was the appropriate course of action for Plaintiff to take under Defendants' Equal Employment Opportunity policy, but nothing was done to alleviate the situation.

59.     Defendant Antonioli, the harasser, was Plaintiff's direct supervisor and had the authority to make material decisions over Plaintiff's employment including the decision to terminate, and thus *respondeat superior* liability is established.

60.     The acts mentioned above were willful, wanton, malicious, reckless, oppressive, and justify the award of punitive damages.

61.     Plaintiff was required to take a medically necessitated leave of absence as a direct and proximate result of the harassment and hostile work environment.

62.     As a direct and proximate result of Defendants' harassment and hostile work environment, Plaintiff has been deprived of economic benefits including, but not limited to, lost wages, lost back pay, lost front pay, medical bills, and out-of-pocket expenses.  Plaintiff has further emotional damages including pain, suffering, mental anguish, loss of reputation, loss of enjoyment of life, and other similar harms.

WHEREFORE, Plaintiff, Patrick Diogenia, demands judgment, against Defendants, Comcast Cable Communications Management, LLC, Comcast Cable Communications, LLC, Comcast Corporation, and Comcast Holdings Corporation, for compensatory damages, equitable damages, punitive damages, costs of litigation, attorney's fees, and all other relief the Court deems equitable and just.

## COUNT TWO
### Harassment and Hostile Work Environment
#### *Pennsylvania Human Relations Act ("PHRA"), 43 P.S. §§951 - 963*
#### Plaintiff v. All Defendants

63.    Plaintiff incorporates the foregoing as if set forth at length herein.

64.    Defendants is/are a covered employer under the Pennsylvania Human Relations Act as it/they employ(s) the minimum number of employees, and is/are located in the Commonwealth of Pennsylvania and/or employ Pennsylvania residents and citizens.

65.    Defendant Andrew Antonioli is an employer and thus subject to individual liability as he aided, abetted, coerced, compelled, and/or otherwise assisted in Defendants' harassment and discriminatory treatment of Plaintiff.

66.    Plaintiff has a protected class in his sexual orientation and gender identity.

67.    Defendants subjected Plaintiff to harassment and a hostile work environment as alleged *Supra.*

68.    Plaintiff engaged in protected activity and sought relief through the proper channels when he complained to Human Resources about the harassment.

69.    Defendants took no action and thus failed to take reasonable action to remedy against further harassment.

70.    As a direct and proximate result of Defendants' harassment and hostile work environment, Plaintiff has been deprived of economic benefits including, but

14

not limited to, lost wages, lost back pay, lost front pay, medical bills, and out-of-pocket expenses. Plaintiff has suffered emotional damages including pain, suffering, mental anguish, loss of reputation, loss of enjoyment of life, and other similar harms.

71.   The acts mentioned above were willful, wanton, malicious, reckless, oppressive, and justify the award of attorney's fees.

WHEREFORE, Plaintiff, Patrick Diogenia, demands judgment, against Defendants, Comcast Cable Communications Management, LLC, Comcast Cable Communications, LLC, Comcast Corporation, Comcast Holdings Corporation, and Defendant Andrew James Antonioli for compensatory damages, equitable damages, punitive damages, costs of litigation, attorney's fees, and all other relief the Court deems equitable and just.

Respectfully submitted,

DEREK SMITH LAW GROUP, PLLC
*/s/ Christopher J. DelGaizo, Esquire*
CHRISTOPHER J. DELGAIZO, ESQ.
Attorney for Plaintiff

*Attorney I.D. No. 200594*
1628 Pine Street
Philadelphia, PA 19103
T: 215-391-4790
Email: Chris@dereksmithlaw.com

Date: May 11, 2026