**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |  |
|---|---|---|
| | : | |
| PATRICK DIOGENIA | : | |
| Plaintiff | : | |
| v. | : | |
| | : | |
| COMCAST CABLE COMMUNICATIONS | : | Civil Action 2:26-cv-3156 |
| MANAGEMENT, LLC, *ET. AL.,* | : | |
| Defendants | : | |

**PLAINTIFF'S RESPONSE AND OPPOSITION TO**
**DEFENDANTS' MOTION TO DISMISS**

## I.    INTRODUCTION

Defendants' Motion to Dismiss should be denied as Plaintiff, Patrick Diogenia, timely initiated his administrative matters and has sufficiently pleaded a hostile work environment.

Plaintiff's Charge filed December 29, 2024 with the New Jersey Division on Civil Rights ("NJDCR") was timely and should respectfully toll Plaintiff's later filings.  The NJDCR filing has a lookback window to July 2, 2024 (180 days) and March 4, 2024 (300 days).  Defendants terminated Plaintiff on July 3, 2024.  Plaintiff acted with reasonable diligence to initiate the administrative matter in Pennsylvania upon learning the NJDCR had no jurisdiction.

The termination of Plaintiff was part of Defendants' pattern of discrimination and thus a continuing violation of the hostile work environment.  *See* Mudie v. Philadelphia Coll. Of Osteopathic Med., 2022 U.S. Dist. LEXIS 90873 (E.D. Pa., May 20, 2022).  After having been harassed for 8-months by his direct supervisor, Plaintiff took a medically necessitated leave of absence.  Defendants thereafter refused to remove the harasser, Defendant Andrew Antonioli, from Plaintiff's reporting structure, which caused and resulted in Plaintiff's termination.

Finally, Plaintiff pleaded facts, when accepted as true, to support hostile work environment.

1

## II.    BACKGROUND

### A.    Summary of Relevant Facts

Plaintiff, Patrick Diogenia, worked for Defendants as a Senior Manager from September 12, 2022 to July 3, 2024.  See Exhibit "G", ¶12.  Plaintiff had good work performance and little, if any, discipline.  See Ex. G, ¶13.  Plaintiff is homosexual.  See Ex. G, ¶14.  At all times, Defendant Andrew Antonioli supervised Plaintiff.  See Ex. G, ¶6 & ¶45.  As set forth in the complaint, Defendant Antonioli made comments to Plaintiff about sexual orientation that were unwelcome and discriminatory (¶25 - ¶26); made unwelcome comments about Plaintiff's mannerisms, attire, and Plaintiff's LGBTQ peers that had the intent or effect of being discriminatory (¶21, ¶22, ¶29, ¶33, and ¶34); Defendant Antonioli mistreated and disparately treated Plaintiff (¶17, ¶18 – ¶20, ¶23, ¶24, ¶37); and, Defendant Antonioli suggested that Plaintiff quit as Plaintiff "chose the wrong job."  See Ex. G, ¶31 – 32.  The foregoing conduct caused Plaintiff extreme mental anguish to the point of requiring a medically supported leave of absence, beginning May 10, 2023.  See Ex. G, ¶46.  In November of 2023, Plaintiff formally complained about Defendant Antonioli's harassment.  See Ex. G, ¶48.  Plaintiff requested being reasonably removed from Defendant Antonioli's reporting structure, or other remedy, as part of a return to work, but Defendants refused.  See Ex. G, ¶49-50.  Defendants terminated Plaintiff on July 3, 2024.  See Ex. G, ¶52.

### B.    Procedural History

Plaintiff *pro se* initiated an administrative matter on December 29, 2024 with the New Jersey Division on Civil Rights ("NJDCR").  The NJDCR dismissed the matter on March 14, 2025 for having no jurisdiction.  See Exhibit "A".  Plaintiff then completed a Pennsylvania Human Relations Commission ("PHRC") questionnaire on March 30, 2025, asking that the matter be dual filed with the PHRC and Equal Employment Opportunity Commission ("EEOC").  See Exhibit

"B". Plaintiff had to complete a "late filing" submission for the PHRC, on July 18, 2025. See Exhibit "C". The complaint was perfected as of July 25, 2025, and shows dual filing with the EEOC. See Exhibit "D". The PHRC under #202500633, and EEOC under #17F202660452, investigated and both agencies issued closure notices: PHRC on March 6, 2026 (Exhibit "E") and EEOC on April 12, 2026 (Exhibit "F"). Plaintiff filed suit on May 10, 2026. See Docket, 5/10/2026, ECF #1.

### III.    ARGUMENT

#### A. Legal Standard for *Demurrer*

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of a complaint, not the merits of the case. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). In deciding such a motion, the Court must accept all well-pleaded factual allegations in the complaint as true, construe those allegations in the light most favorable to the plaintiff, and determine whether they plausibly give rise to an entitlement to relief. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); Fowler v. UPMC Shadyside, 578 F.3d 203, 210–211 (3d Cir. 2009).

Where, as here, a defendant moves to dismiss on the ground that the plaintiff failed to timely exhaust administrative remedies, the defendant bears the burden of establishing that defense as a matter of law based on the face of the complaint and any properly considered exhibits, because untimeliness of a charge is an affirmative defense rather than an element of the plaintiff's claim. Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 393 (1982). Dismissal on exhaustion grounds at the pleading stage is appropriate only if the untimeliness is apparent on the face of the complaint; if the plaintiff has pleaded facts that, if true, would support tolling or would place the charge within the applicable limitations period, dismissal is improper. Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1385, 1390–91 (3d Cir. 1994).

**B.  Legal Standard for Administrative Exhaustion**

Before commencing a civil action for employment discrimination under Title VII of the Civil Rights Act of 1964, a plaintiff must first file a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"). 42 U.S.C. § 2000e-5(e)(1), (f)(1).  The charge-filing requirement, however, is not jurisdictional. It is a mandatory claim-processing rule that a defendant may forfeit if not timely raised, and that remains subject to waiver, estoppel, and equitable tolling like any other limitations period. Fort Bend Cnty. v. Davis, 587 U.S. 541, 549–51 (2019); Zipes, 455 U.S. at 393.

**1.  Timing of the Charge — the 180/300-Day Period**

A charge ordinarily must be filed with the EEOC within 180 days "after the alleged unlawful employment practice occurred." 42 U.S.C. § 2000e-5(e)(1); 29 U.S.C. § 626(d)(1)(A). Pennsylvania, however, is a "deferral state" because it has its own fair employment practices agency — the Pennsylvania Human Relations Commission ("PHRC") — empowered to grant or seek relief from unlawful discriminatory practices.  A charge that is cross-filed with the EEOC and the PHRC pursuant to the agencies' worksharing agreement is timely as to the EEOC charge under the 300-day period even where the underlying filing with the state agency was itself untimely. Davis v. Calgon Corp., 627 F.2d 674, 675 (3d Cir. 1980) (per curiam).  A separate and shorter limitations period governs claims brought under the Pennsylvania Human Relations Act ("PHRA"): an administrative complaint must be filed with the PHRC within 180 days of the alleged act of discrimination, and failure to do so ordinarily precludes judicial relief under that statute. 43 Pa. Cons. Stat. § 959(a), (h); Woodson v. Scott Paper Co., 109 F.3d 913, 925 (3d Cir. 1997). Because PHRA claims are interpreted coextensively with Title VII claims in most other respects, courts look to the same body of federal exhaustion law — including the tolling principles

discussed below — in evaluating whether a PHRA filing was timely. Atkinson v. Lafayette Coll., 460 F.3d 447, 454 n.6 (3d Cir. 2006); Mandel v. M & Q Packaging Corp., 706 F.3d 157, 165 (3d Cir. 2013).

## 2. Equitable Tolling of the Charge-Filing Period

Because the charge-filing deadlines under Title VII and the PHRA operate like statutes of limitations, rather than jurisdictional bars, they are subject to waiver, estoppel, and equitable tolling in appropriate circumstances. Zipes, 455 U.S. at 393; 43 Pa. Cons. Stat. § 962(e) (PHRA tolling provision). The Third Circuit has identified three principal, though not exclusive, situations in which equitable tolling may be appropriate: (1) where the defendant has actively misled the plaintiff respecting the plaintiff's cause of action; (2) where the plaintiff has in some extraordinary way been prevented from asserting his or her rights; or (3) where the plaintiff has timely asserted his or her rights, but mistakenly, in the wrong forum. Oshiver, 38 F.3d at 1387; Sch. Dist. of Allentown v. Marshall, 657 F.2d 16, 19–20 (3d Cir. 1981). Equitable tolling remains an exception to be applied sparingly, and a plaintiff who fails to exercise reasonable diligence in pursuing his or her rights once he is on notice of a possible claim may lose the benefit of the doctrine. Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 113 (2002); Robinson v. Dalton, 107 F.3d 1018, 1023 (3d Cir. 1997).

Because entitlement to equitable tolling is fact-intensive and typically requires resolution of factual questions outside the four corners of a charge, courts in this Circuit have repeatedly declined to dismiss employment discrimination complaints on exhaustion grounds under Rule 12(b)(6) where the plaintiff has pleaded facts that, if true, would support tolling of the applicable limitations period. Oshiver, 38 F.3d at 1390–91; *see also* Hammer v. Cardio Med. Prods., Inc., 131 F. App'x 829, 831–32 (3d Cir. 2005).

**C. Plaintiff's Original Charge That Was Misfiled with the NJDCR Should Toll Subsequent Filings and Set the Initiation Date for the Administrative Process.**

Plaintiff timely asserted his rights by having filed an original charge with the New Jersey Division on Civil Rights ("NJDCR") on December 29, 2024.[1] See Ex. A. As noted, the NJDCR filing was within 180-days (July 2, 2024) and 300 days (March 4, 2024) of Plaintiff's termination. As such, Plaintiff timely initiated an administrative investigation. The NJDCR filing, however, was an assertion of rights in the wrong forum. An assertion of rights in the wrong forum is an extraordinary circumstance the Third Circuit has recognized as permitting equitable tolling. Kocian v. Gettty Refining & Marketing Co., 707 F.2d 748, 753 (3d Cir. 1983).

Throughout the administrative process, Plaintiff was a *pro se* litigant. The Third Circuit has stated equitable tolling is particularly appropriate when *pro se* litigants are involved, or "lay persons unfamiliar with the complexities of the administrative procedures." Kocian v. Gettty Refining & Marketing Co., 707 F.2d 748, 755 (3d Cir. 1983).

Plaintiff acted with reasonable diligence upon learning that the NCJDR did not have jurisdiction. See Ex. A. Within 2-weeks of the notice from the NJDCR that it did not have jurisdiction, Plaintiff completed a questionnaire with the PHRC asking the matter to be dual filed with the Equal Employment Opportunity Commission ("EEOC"). See Ex. B. Plaintiff completed a "late filing" submission for the PHRC, on July 18, 2025, which was apparently accepted. The administrative agencies investigated issued closures notices in March and April of the following year. See Exs. D, & E. As such, Plaintiff submits that his reasonable diligence to fix and resolve the timely but errant filing with the NJDCR supports tolling and relation back to his original filing.

Wherefore, Plaintiff respectfully requests that the Court deny Defendant's motion.

---

[1] Plaintiff has made Open Public Records Act (OPRA) to the NJDCR for filing records.

**D. Defendants' Termination of Plaintiff "Anchors" Plaintiff's Hostile Work Environment Claim, under the Continuing Violations Doctrine.**

The continuing violations doctrine applies to claims of hostile work environment. Mandel, 706 F.3d at 165. "To allege a continuing violation, the plaintiff must show that all acts which constitute the claim are part of the same unlawful employment practice and that at least one act falls within the applicable limitations period." Mudie v. Philadelphia Coll. of Osteopathic Med., 2022 U.S. Dist. LEXIS 90873, *28-29 (E.D. Pa., May 20, 2022) *citing to* Mandel, 706 F.3d at 165-166. "To proceed under a continuing violation theory, a plaintiff must show that the act that fell within the limitations period and the acts that occurred prior to the applicable limitations period involved 'similar conduct by the same individuals.'" Mudie, 2022 U.S. Dist. LEXIS 90873, *28-29 *citing to* Mandel, 706 F.3d at 167.

Defendants argue the Plaintiff's termination cannot be considered part of a continuing violation because termination is a discrete act, and discrete acts and indiscrete acts are treated different, and discrete acts cannot be aggregated for purposes of a hostile work environment claim. *See generally* Chieke v. Dep't of Corr., 811 F. App'x 770, 771 (3d Cir. 2020) *and* O'Connor v. City of Newark, 440 F.3d 125, 127 (3d Cir. 2006). Defendants' argument, however, ignores a more nuanced approach applied by some Circuit Courts, as well as District Courts in the Third Circuit, that when a discrete act is "part and parcel of a discriminatory pattern of conduct" it may be sufficient for purposes of the continuing-violation doctrine, even if the discrete act could otherwise be actionable itself. Mudie, 2022 U.S. Dist. LEXIS 90873 at *32 *citing to* Kimes v. Univ. of Scranton, 126 F. Supp. 3d 477, 493 (M.D. Pa., Aug. 25, 2015); Henderson v. Pa. State Univ., 2022 U.S. Dist. LEXIS 50210 at *15-16 (M.D. Pa., March 21, 2022); Guessous v. Fairview Prop. Invs., LLC, 828 F. 3d 208, 223 (4th Cir. 2016); *and* Chambless v. Louisiana-Pacific Corp., 481 F.3d 1345, 1350 (11th Cir. 2007). In fact, this Court in *Mudie* finishes its paragraph citing legal support for

the notion that discrete acts (such as termination) can be part of a continuing violation by stating: "We follow suit here." Mudie, 2022 U.S. Dist. LEXIS 90873, *31.

The question becomes whether the discrete act (or in Plaintiff's case the termination) fits the same pattern of discriminatory conduct and has "similar conduct by the same individuals" to be considered part of the continuing violation. Mudie, 2022 U.S. Dist. LEXIS 90873, *31; Matthews v. United Airlines, Inc., 2026 U.S. Dist. LEXIS 103367 at *24 (D. N.J., May 11, 2026).

In the present matter, the termination of Plaintiff involves the same discrimination (i.e. hostile work environment), and the same persons, such that the Defendants' termination of Plaintiff is part and parcel of the same pattern of discrimination to warrant application of the continuing violations doctrine. Plaintiff was harassed by his direct supervisor, Defendant Antonioli. See Exhibit "G", ¶12 & ¶46. The harassment caused Plaintiff to take a medically necessitated leave of absence, from which Plaintiff never returned. See Ex. G, ¶46. Plaintiff complained of harassment while out on leave. Possibly the most important aspect of Plaintiff's claim that supports the continuing violations doctrine is that the termination or separation from employment directly related to Defendants unwillingness to reasonably remedy the hostile work environment. See Ex. G, ¶49-59. Defendants refused to sufficiently remove Defendant Antonioli from Plaintiff's reporting structure. See Ex. G, ¶49 -51. The Plaintiff's leave of absence and his termination all directly relate to the hostile work environment.

As such, Plaintiff requests that the Court deny Defendants' motion as Plaintiff has timely filed and exhausted administrative remedies relating to his claims of hostile work environment.

### E. **Plaintiff Has Sufficiently Pleaded Hostile Work Environment.**

The *prima facie* elements for a hostile work environment are: (1) the employee suffered intentional discrimination, (2) the discrimination was severe or pervasive, (3) the discrimination

detrimentally affected the plaintiff, (4) the discrimination would detrimentally affect a reasonable person in like circumstances, and (5) the existence of *respondeat superior* liability.  Castleberry v. STI Group, 863 F.3d 259, 263 (3d Cir. 2017) *citing to* Mandel v. M&Q Packaging Corp., 706 F.3d 157, 167 (3d Cir. 2013).  The harassment must be "so severe or pervasive that it alters the condition of the victim's employment and creates an abusive environment."  Grassmyer v. Shred-It USA, Inc., 392 F. App'x 18, 30 (3d Cir. 2010).

To determine if an environment is hostile, courts are to consider the "totality of the circumstances", including "the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance."  Mandel, 706 F.3d at 168 *citing to* Harris v. Forklift Sys., Inc., 510 U.S. 17, 23, 114 S. Ct. 367, 126 L.Ed.2d 295 (1993); *see also* Caver v. City of Trenton, 420 F.3d 243, 262–63 (3d Cir.2005).  The Third Circuit has also stated that the analysis must not concentrate on individual incidents, but on the "overall scenario."  Cardenas v. Massey, 269 F.3d 251, 261 (3d Cir. 2001).  Moreover, the Third Circuit has recognized that "defendants of even minimal sophistication will neither admit discriminatory animus or leave a paper trail demonstrating it."  Aman v. Cort Furniture Rental Corp., 85 F. 3d 1074, 1082 (3d Cir. 1996) *citing to* Riordan v. Kempiners, 831 F. 2d 690, 697 (7th Cir. 1987).  As such, Courts recognize that when facially neutral acts are tinged by the comments of the decisionmaker, those facially neutral acts can be considered for whether the conduct was severe or pervasive.  Aman, 85 F.3d at 1083.

As pleaded, Defendant Antonioli made comments to Plaintiff directly related to sexual orientation that were unwelcome and discriminatory.  See Ex. G, ¶25 - ¶26.  Defendant Antonioli made less direct but unwelcome and discriminatory comments about Plaintiff's mannerisms, attire, and Plaintiff's LGBTQ peers.  See Ex. G, ¶21, ¶22, ¶29, ¶33, and ¶34.  Defendant Antonioli

9

mistreated and disparately treated Plaintiff in relation to similarly situated individuals (¶17, ¶18 – ¶20, ¶23, ¶24, ¶37) and, suggested that Plaintiff quit as Plaintiff "chose the wrong job." See Ex. G, ¶31 – 32.  The foregoing conduct caused Plaintiff extreme mental anguish, and eventually caused the medically supported/required leave of absence from which Plaintiff never returned.  See Ex. G, ¶46.  In November of 2023, Plaintiff formally complained to Human Resources about Defendant Antonioli.  See Ex. G, ¶48.  Plaintiff requested being separated from Defendant Antonioli, but the requests were denied.  See Ex. G, ¶49-50.  On July 3, 2024, Defendants terminated Plaintiff.  See Ex. G, ¶52.  These allegations, accepted as true, provide for a viable hostile work environment claim and a pathway to relief, and thus Defendants' motion should respectfully be denied.

### F.  Plaintiff's Opportunity to Amend.

The Third Circuit has said before dismissing a complaint, a District Court should "permit a curative amendment unless such an amendment would be inequitable or futile." Merritt v. Fogel, 349 Fed. Appx. 742, 745 (3d Cir. 2009).  Considering that exhaustion of administrative remedies, tolling activities, and a hostile work environment are potentially at issue for the Court to decide, Plaintiff suggests the opportunity to amend, any alleged deficiencies, would not be futile.[2]

### IV.   CONCLUSION

For all the foregoing, Plaintiff, Patrick Diogenia, respectfully requests that this Honorable Court deny Defendants, Comcast Cable Communications Management, LLC, Comcast Cable Communications, LLC, Comcast Corporation, Comcast Holdings Corporation, and Andrew Antonioli's, Motion to Dismiss.

---

[2] Plaintiff has made Open Public Records Act (OPRA) and Freedom of Information Act (FOIA) requests to administrative agencies, NJDCR and EEOC, and is awaiting further records from those agencies with regard to the administrative process.

Respectfully submitted,

DEREK SMITH LAW GROUP, PLLC

By:   */s/ Christopher J. DelGaizo, Esquire*
CHRISTOPHER J. DELGAIZO, ESQ.
Attorney for Plaintiff

*Attorney I.D. No. 200594*
1628 Pine Street
Philadelphia, PA 19103
T: 215-391-4790
Email: Chris@dereksmithlaw.com

Date: July 20, 2026

11

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |  |
|---|---|---|
| | : | |
| PATRICK DIOGENIA | : | |
| Plaintiff | : | |
| v. | : | |
| | : | |
| COMCAST CABLE COMMUNICATIONS | : | Civil Action 2:26-cv-3156 |
| MANAGEMENT, LLC, *ET. AL.,* | : | |
| Defendants | : | |

## CERTIFICATE OF SERVICE

I, Christopher J. DelGaizo, Esquire, hereby certify that a true and correct copy of *Plaintiff's Response and Opposition to Defendants' Motion to Dismiss,* was sent to the following via ECF electronic email:

> Michael R. Galey, Esquire
> Caleb B. Kearney, Esquire
> **Fisher & Phillips, LLP**
> Two Logan Square
> 100 N. 18th Street, 12th Floor
> Philadelphia, PA 19103
> *Attorneys for Defendant*

By:    */s/ Christopher J. DelGaizo, Esquire*
CHRISTOPHER J. DELGAIZO, ESQ.
Attorney for Plaintiff

Date: July 20, 2026