**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| PATRICK DIOGENIA, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : CASE NO:  2:2026cv03156-MAK |
| | : |
| COMCAST CABLE | : |
| COMMUNICATIONS | : |
| MANAGEMENT, LLC, et al. | : |
| | : |
| Defendants. | : |

**REPLY BRIEF IN FURTHER SUPPORT OF DEFENDANTS'**
**MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Defendants Comcast Cable Communications Management, LLC ("Comcast Cable"),

Comcast Cable Communications, LLC, Comcast Corporation, Comcast Holdings Corporation

(collectively "Comcast") and Andrew Antonioli (together with Comcast, "Defendants"), by and

through their undersigned counsel, Fisher & Phillips LLP, and pursuant to Federal Rule of Civil

Procedure 12(b)(6), hereby submit this Reply Brief in Further Support of the Motion of

Defendants to Dismiss Plaintiff's Complaint and in response to Plaintiff's Opposition to

Defendant's Motion to Dismiss Plaintiff's Complaint (the "Opposition.")

## I.     INTRODUCTION

In his Opposition, Plaintiff asserts that, because he initially filed a charge with the New

Jersey Division of Civil Rights (NJDCR) on December 29, 2024, equitable tolling applies, and

the filing date for his administrative claims should be December 29, 2024.  This argument is

misplaced.  Regardless of whether Plaintiff filed his charge on December 29, 2024 or March 31,

2025, his Complaint suffers from the same fatal flaw:  he did not file a charge within the 300-day

statute of limitation because his last day of active employment with Comcast Cable was May 10,

FP 65123557.3

2023 – 598 days before Plaintiff filed a charge with the NJDCR. For purposes of determining whether Plaintiff's claim is timely, there is no difference between 598 days and 691 days – both are well outside the 300-day statute of limitations for initiating a hostile work environment claim.

Plaintiff also argues, in his Opposition, that the termination of Plaintiff's employment "anchors" Plaintiff's hostile work environment claim under the continuing violations theory. The cases upon which Plaintiff relies, however, are inconsistent with the weight of the case law in this Circuit. As Your Honor has stated, "*the continuing violation doctrine is not applied to failure to accommodate claims, nor can termination be used as a connection to bring otherwise time-barred events within the 300-day period*." McLean v. Abington Mem. Hosp., Civil Action No. 15-671, 2015 WL 5439061, at *7 (E.D. Pa. Sep. 15, 2015) (emphasis added). Furthermore, even if this Court adopts the minority analysis, the Complaint still fails because the alleged harassing conduct and the proposed "anchor" did not "involve[] similar conduct by the same individuals." See Mudie v. Phila. Coll. of Osteopathic Med., Civil Action No. 21-2156-KSM, 2022 WL 1607544, at *12 (E.D. Pa. May 20, 2022) (declining to apply the continuing violation theory because the employer's conduct before and during the limitations period did not "involve[] similar conduct by the same individuals").

Plaintiff also argues, in his Opposition, that he has stated a hostile work environment claim. Plaintiff, however, does not address his failure to allege severe or pervasive conduct sufficiently. In fact, on the face of his Complaint, Plaintiff was not subjected to any alleged harassing conduct during the fourteen months preceding the termination of his employment. As such, Plaintiff has failed to allege conduct that is sufficiently severe or pervasive to constitute a

hostile work environment as a matter of law.  Therefore, Defendants respectfully request that this Court dismiss Plaintiff's Complaint with prejudice.

## II.    ARGUMENT

### A.    Plaintiff's Equitable Tolling Argument is Misplaced Because, Regardless of Whether Plaintiff Initiated the Administrative Process in December of 2024 or March of 2025, it was Untimely

Plaintiff argues that equitable tolling should apply and that December 29, 2024 is the proper filing date for Plaintiff's initiation of the administrative process.  Plaintiff's argument, however, is misplaced.  Regardless of whether Plaintiff initiated the administrative process on December 29, 2024 or March 31, 2025, Plaintiff's claims are time-barred.  Plaintiff was not subject to any work environment, let alone a hostile one, within 300 days of either date.

The Third Circuit Court and courts in the Eastern District of Pennsylvania have held that presence at work is necessary for stating a hostile work environment claim.  See Defendants' Memorandum at pp. 8, 9.  Here, Plaintiff began a leave of absence on May 10, 2023, and he never returned to active employment.  See Exhibit A to Defendants' Memorandum at ¶ 46.  Even if Plaintiff's filing with the NJDCR on December 29, 2024 is considered the correct date for purposes of evaluating the statute of limitations, December 29, 2024 is still **_598_** days after the last possible date on which Plaintiff could have been subjected to a hostile work environment before commencing his leave.  This is, of course, still well beyond the 300-day statute of limitations for filing a charge with the EEOC, and the 180-day statute of limitations for filing a charge with either the PHRC or the NJDCR.[1]  Therefore, Plaintiff's equitable tolling argument is immaterial because his Complaint is still barred by the statute of limitations absent the

---

[1]    "[A]ny complaint filed with the NJDCR must be filed within 180 days of the alleged discrimination."  Robinson v. North American Composites, Civil No. 15-8702 (RMB/AMD), 2017 WL 2443056, at *8 (D.N.J. June 6, 2017).

application of the continuing violation theory.  As such, Plaintiff's Complaint should be dismissed.

> **B.  Plaintiff Cannot Establish the Continuing Violation Theory, and, Therefore, His Complaint is Untimely.**

Plaintiff argues that an employee's termination may be used as an anchor to a hostile work environment claim when the discrete act is "part and parcel of a discriminatory pattern of conduct."  Opposition at p. 7.  To support this argument, Plaintiff cites Mudie v. Phila. Coll. of Osteopathic Med., which, in turn, cites case law primarily from other Circuits to conclude that "timely discrete acts can render non-discrete acts timely under the continuing violations doctrine."  Civil Action No. 21-2156-KSM, 2022 WL 1607544, at *12 (E.D. Pa. May 20, 2022).  The approach taken in Mudie, however, is the minority approach and is contrary to Supreme Court precedent that states, "discrete acts that fall within the statutory time period do not make timely acts that fall outside the time period."  Nat. R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 112 (2002).

The vast majority of decisions in the Third Circuit, and, in particular, the Eastern District of Pennsylvania, follow Supreme Court precedent and agree with Your Honor's holding in McLean v. Abington Mem. Hosp. that discrete acts, such as termination or denial of accommodations, cannot be used to anchor otherwise untimely non-discrete acts to state a hostile work environment claim under the continuing violations doctrine.   See Defendants' Memorandum at pp. 11-13.  Additionally, even if this Court adopts the approach in Mudie, the 14-month break in time between Plaintiff's allegations of harassment and Plaintiff's allegations related to his termination and accommodation process severs any alleged continuing violation because the allegations of harassment are too attenuated to support finding a continuing violation.  See id. at 13-14.

FP 65123557.3

Furthermore, the Complaint fails under the analysis in <u>Mudie</u> because the alleged "anchor" must "involve[] similar conduct by the same individuals" for the continuing violation doctrine to apply.  <u>Mudie</u>, 2022 WL 1607544, at *13.  In declining to apply the continuing violation doctrine on this basis, the <u>Mudie</u> court noted that the individuals who terminated her employment during the limitations were not the same ones who made discriminatory comments before the limitations period.  <u>Id.</u>  Similarly, in his Complaint, Plaintiff does not (and cannot) allege that the alleged harasser (Mr. Antonioli) terminated his employment and therefore the "anchor" did not involve the "same individual."  <u>See</u> <u>generally</u> Exhibit A to Defendant's Memorandum.  Plaintiff also does not allege "similar conduct" given that (i) the "harassing" conduct consisted of alleged offensive comments by Mr. Antonioli; and (ii) the subsequent conduct consisted of an offer to return Plaintiff to active employment as a form of reasonable accommodation and Plaintiff's separation from employment after he declined that offer of re-employment following almost 14 months of medical leave.[2]  <u>See id.</u> at ¶¶ 49-51.  Therefore, Plaintiff's allegations do not establish a continuing violation under <u>Mundie</u>.

### C.    Plaintiff Fails to Allege Sufficiently Severe or Pervasive Conduct Required to State a Hostile Work Environment Claim

Plaintiff, in his Opposition, fails to cite any case law suggesting that the limited conduct allegedly occurring over fourteen months before the termination of his employment was sufficiently severe or pervasive to establish a hostile work environment.  Opposition at pp. 8-10.  First, Plaintiff's allegations lack the level of severity necessary to establish a hostile work environment claim.  <u>See</u>, <u>e.g.</u>, <u>Chandler v. La-Z-Boy, Inc.</u>, 621 F. Supp. 3d 568, 573-74 (E.D. Pa.

---

[2]    Plaintiff will have the opportunity to challenge the reasonableness of Comcast's proposed accommodations through the ADA claims asserted in his arbitration case.  As this Court held in McLean, a proposed accommodation (here an offer to return to active employment after 14 months of leave) is a discrete act that cannot serve as an "anchor" for a harassment claim.

2022) (holding, at the motion to dismiss stage, "[f]or racist comments, slurs and jokes to constitute a hostile work environment, there must be more than a few isolated incidents of racial enmity . . . .") (internal quotations omitted). Furthermore, the more than 14-month break in time between Plaintiff's untimely allegations and Plaintiff's termination lacks the requisite pervasiveness to establish Plaintiff's hostile work environment claims. See Stallworth v. Milan Laser Corp.,LLC, Civil Action No. 25-cv-0393, 2025 WL 2637234, at *4 (E.D. Pa. Sep. 12, 2025) (holding, in granting summary judgment, that four incidents of a co-worker telling the plaintiff about their sex life over the span of two months was not sufficiently pervasive.) (citing Malin v. Orleans Parish Commc'ns Dist., 718 F. App'x 264, 273 (5th Cir. 2018)); Tourtellotte v. Eli Lilly and Co., Civil Action No. 09-0774, 2013 WL 1628606, at *6 (E.D. Pa. Apr. 16, 2013) (finding a dozen incidents over the course of eighteen months not sufficiently pervasive.) As such, Plaintiff has failed to plead a hostile work environment claim sufficiently, and, therefore, his Complaint should be dismissed.

> **D.** **Since Plaintiff's Opposition Shows an Amended Complaint Would Be Futile, Plaintiff's Complaint Should Be Dismissed With Prejudice**

In his Opposition, Plaintiff argues he should be granted leave to amend to the extent there are any alleged deficiencies in his Complaint. Opposition at p. 10. First, Plaintiff had a chance to amend his complaint as a matter of right in response to Defendants' Motion to Dismiss Plaintiff's Complaint. Fed. R. Civ. P. 15(a)(1). Instead, Plaintiff chose to file an Opposition, which suggests (or is an admission) that an amendment will not cure the deficiencies in his Complaint. In addition, dismissal of claims, with prejudice, is appropriate where an amended complaint would be futile because the claims are barred by the statute of limitations. See Richardson v. Barbour, Civil No. 2:18-cv-01758-JMG, 2020 WL 4815829, at *7 (E.D. Pa. Aug. 19, 2020) (noting that courts should freely grant leaves to amend unless it would be futile, further

noting, "[a]n amended complaint would be futile if it is barred by the statute of limitations.") (citing Jablonski v. Pan Am. World Airways, Inc., 863 F.2d 289, 292 (3d Cir. 1988)); Loeffler Thomas P.C. v. Fishman, Civil Action No. 15-5194, 2016 WL 4247612, at *4 (E.D. Pa. Aug. 11, 2016) (denying the plaintiff's request to amend their complaint because it "would be futile because the allegations do not save its claims from the statute of limitations bar.") (citing Garvin v. City of Phila., 354 F.3d 215, 222 (3d Cir. 2003)).

Plaintiff's argument regarding equitable tolling, as discussed, does not change the fact that his claim is untimely.  Thus, any amended complaint to add such facts would be futile because Plaintiff's claims would still be barred by the statute of limitations.  Therefore, Plaintiff's Complaint should be dismissed with prejudice.

III.    **CONCLUSION**

For the reasons set forth above and in Defendant's Memorandum, Plaintiff's Complaint is not timely and fails to state a claim for a hostile work environment under Title VII and the PHRA.  Defendants respectfully request that this Court grant Defendants' Motion and dismiss the Complaint with prejudice.

Respectfully submitted,

**FISHER & PHILLIPS LLP**

Date:  July 23, 2026

*/s/ Michael R. Galey*
Michael R. Galey, Esquire
Caleb B. Kearney, Esquire
Two Logan Square
100 N. 18th Street, 12th Floor
Philadelphia, PA 19103
Phone: (610) 230-2150
mgaley@fisherphillips.com
ckearney@fisherphillips.com

*Counsel for Defendants Comcast Cable Communications Management, Comcast Cable Communications LLC, Comcast Corporation, Comcast Holdings Corporation, and A.J. Antonioli.*

FP 65123557.3

## <u>CERTIFICATE OF SERVICE</u>

I, Michael R. Galey, Esquire, hereby certify that, on this 23rd date of July, 2026, a true and correct copy of the foregoing Defendant's Reply Brief in Further Support of Defendants' Motion to Dismiss Plaintiff's Complaint was filed electronically with the Clerk of the Court using the Court's ECF system, which will serve a copy of such filing on the following:

> Christopher J. DelGaizo, Esquire
> Derek Smith Law Group, PLLC
> 1628 Pine Street
> Philadelphia, PA 19103
> Chris@dereksmithlaw.com
>
> *Attorney for Plaintiff*

> */s/ Michael R. Galey*
> Michael R. Galey, Esquire

FP 65123557.3